IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY S. GRIM,

      **Plaintiff,**

v.

VILLAGE OF NEW HOLLAND,

      **Defendant.**

Case No. 2:23-cv-263
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

On January 19, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for himself, the court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In his affidavit, Plaintiff attests that he is currently unemployed, but earns approximately $2,400 per month. (Doc. 1 at 2). Furthermore, he attests that he is married, and his spouse earns $3,750 per month. (*Id*.). Plaintiff has two children who are dependents, and keeps $176.34 on

hand, or in a savings, checking, or other account.  (*Id.* at 2–3).  While Plaintiff does have some monthly expenses, including a mortgage, car lease payments, utilities, and insurance, none of these are overly onerous, particularly considering his and his spouse's combined monthly income.  (*Id*. at 3).  Additionally, Plaintiff identifies no outstanding debt obligations.  (*Id*.).

Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life.  *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").  Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED**.  If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **seven (7) days** of adoption.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  January 24, 2023                    /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE